# Exhibit 2

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>**30TH JUDICIAL CIRCUIT**<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | 13-<br>Hon. | **CASE NO.**<br>-CB |

**Court address** | **Court telephone no.**
Veterans Memorial Courthouse, 313 W. Kalamazoo St., 1st Floor, Lansing, MI 48933 | (517) 483-6500

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| MICHIGAN STATE UNIVERSITY,<br>Plaintiff, | v | Peter G. Carroll<br>c/o Medlen & Carroll, LLP<br>960 Turnpike St., Suite 3C<br>Canton, MA 02021 |

Plaintiff's attorney, bar no., address, and telephone no.
Michael P. Donnelly (P45221)
Fraser Trebilcock
1 Woodward Avenue, Suite 1550
Detroit, MI 48225
313-237-7300

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: OCT 14 2013 | This summons expires: JAN 13 2014 | Court clerk: ALLISON TIMMER

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| East Lansing, Ingham County, Michigan | Canton, Massachusetts, doing work for Michigan residents |

Place where action arose or business conducted
Ingham County, MI

10/14/2013 | Signature of attorney/plaintiff
Date |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN
COUNTY OF INGHAM

MICHIGAN STATE UNIVERSITY,

    Plaintiff,

v

MEDLEN & CARROLL, LLP, a Registered
Professional Limited Liability Partnership and
PETER G. CARROLL, an Individual,

    Defendant.

Case No.: 13- 1122 -CB

Honorable ROSEMARIE E. AQUILINA

---

Michael P. Donnelly (P-45221)
Fraser Trebilcock Davis & Dunlap, P.C.
1 Woodward Avenue, Suite 1550
Detroit, Michigan 48226
313-237-7300
mdonnelly@fraserlawfirm.com
Attorneys for Plaintiff

---

## COMPLAINT

NOW COMES Plaintiff, Michigan State University ("MSU"), by and through its attorneys, Fraser Trebilcock Davis & Dunlap, P.C., and for its Complaint against Defendants allege the following:

### Jurisdiction and Venue

1. Plaintiff MSU is a public university with its principle place of business in East Lansing, Ingham County, Michigan.

2. Defendant Medlen & Carroll is a Massachusetts registered professional limited liability company doing business in Bingham Farms, Michigan.

3. Defendant Peter Carroll is a resident of the state of Massachusetts and an attorney doing work for Michigan clients.

4. The transaction which gives rise to this lawsuit occurred at least in part in Ingham County, State of Michigan.

5. The amount in controversy in this matter exceeds Twenty Five Thousand Dollars ($25,000.00).

## BACKGROUND FACTS

6. In or before 1997, MSU hired Defendants to act as MSU's intellectual property attorneys regarding its intellectual property registration and filing matters.

7. Defendants hold themselves out to be a law firm and lawyer specializing exclusively in the area of intellectual property law.

8. During the course of the attorney-client relationship between MSU and Defendants, Defendants were requested to handle intellectual property filings for MSU and its licensees.

9. MSU is a public university which is the holder of a U.S. Utility Patent Application entitled, "Polymicrobial Formulations for Enhancing Plant Productivity" ("Patent Family").

10. MSU regularly licenses the use of its patents to licensees. MSU licensed the use of the Patent Family technology and processes to BioSoil Enhancers, Inc. ("BioSoil"). The license agreement between MSU and BioSoil ("License Agreement") provides for certain licensing payments to be made to MSU by BioSoil based on BioSoil's sales of any products embodying the patented technology or processes.

11. The License Agreement regarding the Patent Family provides that MSU is responsible for filing, prosecuting and maintaining the Patent Family, which includes foreign patent filings.

12. MSU requested Defendants to handle all of the Patent Family-related filings, both domestic and foreign.

13. In approximately June 2010, Defendants advised MSU of certain deadlines regarding foreign patent applications for the Patent Family.

14. On or before July 12, 2010, Defendants contacted MSU and inquired whether MSU wished Defendants to seek payment for the filing fees from the licensee BioSoil.

15. In response to that request, on July 12, 2010, MSU told Defendants to obtain payment for the filing fees from BioSoil, but that if Defendants were unable to obtain payment for those fees from BioSoil, they were to advise MSU immediately so that MSU could pay the filing fees.

16. Defendants communicated with BioSoil's attorney, Gary Patterson, seeking instruction as to which countries BioSoil wished to have the applications filed in. Mr. Patterson advised that BioSoil wanted foreign applications to be filed in Canada, Brazil, Europe, India, and Australia. MSU further provided direct instructions to Defendants of the same, confirming that foreign applications were to be filed in Canada, Brazil, Europe, India and Australia.

17. Defendants advised Mr. Patterson that the deadline for filing the applications in Canada and Brazil was July 15, 2010. Defendants further advised that the application deadline for Europe, India, and Australia was August 15, 2010.

18. Mr. Patterson told Defendants, on or before July 15, 2010, that he would be forwarding a check on July 16, 2010 to them in an amount totaling $13,800 for the filing fees for Canada and Brazil. Based on this representation, Defendants submitted the necessary applications in Canada and Brazil on July 15, 2010. Mr. Patterson sent the check in the amount of $13,800 on or about July 20, 2010 to Defendants. Mr. Patterson indicated in a correspondence at that time that the filing fees for the remaining applications would be sent.

19. On information and belief, Defendants did not receive any further communication from Mr. Patterson prior to the August 15, 2010 filing deadline for Europe, India, and Australia.

20. Despite being clearly advised by Mr. Patterson that the licensee wished to file applications in Europe, India, and Australia, and being advised by MSU that it needed to be given immediate notice if the licensee did not pay the filing fees, Defendants failed to advise MSU that it had not received the filing fees for the foreign applications due on August 15, 2010. Defendants failed to

3

make the necessary filings as they had done in Canada and Brazil. Defendants further failed to notify MSU that the filings were not made.

21. Defendants continued to provide legal services regarding the Patent Family until, due to MSU's dissatisfaction with Defendants' overall legal services, MSU terminated the legal representation relationship with Defendants on all matters, including the Patent Family, in June 2012.

## COUNT I
## LEGAL MALPRACTICE

22. MSU hereby incorporates, by reference, Paragraphs 1 through 21 of this Complaint as though fully stated herein paragraph by paragraph.

23. Defendants owed MSU a legal and fiduciary duty to properly advise MSU in all areas of intellectual property, including patent prosecution, and to notify MSU of any action required to ensure protection of MSU's intellectual property. Defendants further had a duty to protect all of MSU's intellectual property rights in those jurisdictions in which they were requested to file applications. Defendants also had a duty to properly supervise their employees to ensure that MSU's rights where protected.

24. Defendants breached their duty by failing to notify MSU that they had not received the filing fees necessary to make the foreign filings.

25. Defendants breached their duty by not paying the filing fees on behalf of MSU and making the requested filings.

26. Defendants breached their duty by failing to advise MSU that they did not make the foreign filings.

27. Defendants breach their duty by failing to properly supervise their employees as set forth above.

28. As a result of Defendants' breach, MSU's and BioSoil's ability to apply for patent protection in the foreign jurisdictions have been severely prejudiced, resulting in no patent protection

4

for the Patent Family in those jurisdictions. As a result, BioSoil's competitive advantage and ability to sell products incorporating the technology and/or process contained in the Patent Family in Europe, India, and Australia has been severely damaged. As a result, MSU's licensing fees under the Licensing Agreement have been diminished.

29. As a direct and proximate result of Defendants' failure to keep MSU informed about the status of the foreign filings, including but not limited to the status of the filing fees, their failure to make the foreign filings, and their failure to notify MSU of the fact that the filings had not been made, MSU has been harmed in that its rights in the foreign jurisdictions have been terminated, the ability of BioSoil to sell in those markets has been greatly diminished, and MSU faces a claim for breach of the Licensing Agreement.

WHEREFORE, Plaintiff, Michigan State University, respectfully requests this Honorable Court to enter a judgment in an amount greater than $25,000 for damages as a result of Defendants' breach of their duty to MSU, including all lost revenue as a result of Defendants' actions or inactions, all damages arising out of any claims made against MSU resulting from Defendants' breach, all costs and attorney's fees for having to file this action, and all other damages allowed by law in this matter.

*Respectfully submitted,*

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Plaintiff

Dated: October 14, 2013   By: _____
Michael P. Donnelly (P45221)
One Woodward Ave.
Suite 1550
Detroit, Michigan 48226
Telephone: (313) 237-7300
Fax: (313) 961-1651
mdonnelly@fraserlawfirm.com

5